POLLY BOGERT, *v.* DANIEL J. BOGERT, *et al.*

*N. Y. Supreme Court, Third Department, General Term, July* 9, 1889.

*Partition.*—A deed from an interested person, not a party, to a party in a partition suit, after the rendition of the decree therein, will not pass such interest to the purchaser at the partition sale.

Motion for re-argument.

*P. Q. Eckerson,* for appellants.

*G. W. Pleasants,* for respondent.

PER CURIAM.—There is nothing in the moving papers on which the order appealed from was granted to show that the deed from Moyer to Bogert was tendered to the purchaser, and the purchaser denies the fact of the tender or production of that deed. We, must, therefore, dispose of the appeal upon the record presented to us.

But if we should take notice of the deed, it would not cure the defect in the title. Bogert, the grantee, was a party to the action. But the only interest in the premises in suit adjudged him by the decree, was his courtesy as

husband of the plaintiff. If he had had at the time of the decree any other interest, probably the decree would have concluded him. But the conveyance to Bogert from Moyer, was not made till five months after the decree. The effect of such conveyance is simply to vest in Bogert the interest formerly held by Moyer. That interest is still outstanding, and would not pass to the purchaser at the partition sale. The conveyance therefore is nowise effective to cure the defect in the title. Motion for re-argument should be denied with costs.